IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE DOUGLAS MANNING, | : | 1:13-cv-01215 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| GARY CARTER, *et al.* | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### June 25, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 5), filed on June 5, 2013. The R&R recommends that we dismiss *pro se* Plaintiff Eugene Douglas Manning's ("Plaintiff" or "Manning") civil rights complaint. Manning filed objections to the R&R on June 14, 2013. (Doc. 6). Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety and dismiss this case.

**I.     STANDARD OF REVIEW**

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.     BACKGROUND

*Pro se* Plaintiff is an inmate currently housed in the Camp Hill State Correctional Institution[1]. Manning initiated the matter *sub judice* with the filing of a Complaint on May 6, 2013. (Doc. 1). Manning named as Defendants the following: Gary Carter, retired Magisterial District Judge, Chambersburg Magisterial District; Glenn Manns, Magisterial District Judge, Chambersburg

---

[1] Manning was housed in the Franklin County Jail at the commencement of this action.

Magisterial District; the City of Chambersburg[2], PA; Franklin County; and the Commonwealth of Pennsylvania.

Manning states that the action is a civil rights action, brought under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. The essence of Manning's claim is that he has been subjected to false imprisonment and denied the right to "Presumption of Innocence." (Doc. 1). According to Manning, the evidence used to arrest him was "falsified" and "forged." Manning insists that he committed no crime and claims to have hundreds of documents proving his innocence. Further, Manning asserts that the bail documents handed to him were "illegal and unconstitutional" due to the standard language found on the documents.

Following a review thereof, Magistrate Judge Blewitt recommends that the Complaint be dismissed. With respect to Defendants Manns and Carter, the Magistrate Judge recommends that they be dismissed with prejudice because, as judges, these defendants are shielded from damage claims for conduct performed in the course of their official duties. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Oatess v. Sobolevitch*, 914 F.2d 428, 431 (3d Cir. 1990). With respect to Defendants Borough of Chambersburg and Franklin County, the Magistrate Judge

---

[2]Manning cites to Chambersburg as a "city" however, it is in fact a Borough.

recommends that they be dismissed with prejudice because Manning has made no allegations whatsoever against these Defendants. Moreover, Manning cannot maintain civil rights claims against Chambersburg or Franklin County on the basis of *respondeat superior* because he makes no allegations that these entities espoused a policy or custom that caused the alleged violation of his civil rights. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). With respect to the Commonwealth, the Magistrate Judge recommends that the complaint be dismissed because the Commonwealth enjoys Eleventh Amendment sovereign immunity. We agree with these recommendations[3].

Accordingly, based on the foregoing analysis, we shall adopt the R&R in its entirety. The Plaintiff's Complaint shall be dismissed with prejudice[4]. An appropriate Order shall issue.

---

[3] We note that while Manning has filed objections (Doc. 6) to the Magistrate Judge's recommendations, we find no valid legal argument warranting the rejection of the Magistrate Judge's recommendations therein.

[4] To allow the *pro se* Plaintiff leave to amend would be an inequitable and futile exercise due to the non-cognizable nature of the claims he attempted to assert.